# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC BANK, N.A., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2020 |
| v. | (JUDGE CAPUTO) |
| TWIN TIER DEVELOPMENT GROUP, INC, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed.

## Background

Plaintiff PNC Bank, N.A. brings suit against defendants Twin Tier Development Group, Durrant Supply, and Eric S. Troger. (Doc. No. 1.) The complaint suggests, but does not plainly state, that the Court has jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute. The complaint includes a section titled "Statement of Jurisdiction." The following statement, quoted in its entirety, is all that follows this section's heading: "[p]laintiff PNC Bank, N.A. is a banking institution with a place of business in the Commonwealth of Pennsylvania, and the Defendants are entities located in New York. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332."

The complaint describes the plaintiff as "a banking institution with offices at 210

Penn Avenue, Scranton, PA." (Doc. 1 at 2.) Defendant Twin Tier Development Group, LLC (Twin Tier)[1] and defendant Durrant Supply, Inc. are each listed as "a business entity with a business address of 161 Prescott Avenue, Elmira Heights, NY." (*Id.*) Defendant Eric S. Troger is described as "an adult individual with an address at 103 Seigler Drive, Elmira, NY." (*Id.*)

## Analysis

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may only have one domicile, and thus may be a

---

[1] Twin Tier is described in the complaint as an LLC, but in the caption as a corporation. As described in this opinion, corporations are subject to different rules for determining citizenship than are limited liability companies.

citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike corporations, unincorporated associations are not considered "citizens" for diversity purposes. *Swiger*, 540 F.3d at 182. Instead, courts must look to the citizenship of all the partners or members in determining whether diversity jurisdiction exists. *Id.* (citing *Chapman v. Barney*, 129 U.S. 677, 682 (1889) (other citations omitted)).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Here, the complaint fails to properly plead the existence of subject matter jurisdiction. First, the complaint's purported "Statement of Jurisdiction" merely hints at the basis for the court's jurisdiction, in contravention of the rule that pleadings contain "a short and plain statement of the grounds for the court's jurisdiction." *See* Fed. R. Civ. P. 8(a)(1). There is no need to beat around the bush; if the grounds for federal jurisdiction are diversity, the complaint should plainly say so.

Second, assuming that § 1332 provides the grounds for federal jurisdiction in this case, the complaint fails to adequately allege diversity of citizenship. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")). Here, the plaintiff fails to allege the

citizenship of a single party. The Court is informed that the plaintiff is a bank "with offices" in Pennsylvania while the defendants all have addresses in New York. Having an address or an office in a state is not at all the same thing as being a citizen of a state. Likewise, describing Durrant Supply as "a business entity" is insufficient: is it a corporation? If so, the plaintiff must aver its citizenship by listing the state or states in which it is incorporated and in which it has its principal place of business. If Twin Tier is a limited liability company, the citizenship of its members must be alleged.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of his complaint. An appropriate order follows.

| | |
|---|---|
| October 19, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PNC BANK, N.A., | |
|    Plaintiff | NO. 3:10-CV-2020 |
|       v. | (JUDGE CAPUTO) |
| TWIN TIER DEVELOPMENT GROUP, INC, et al., | |
|    Defendants. | |

## **ORDER**

**NOW**, this 19th day of October, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint.

2) Plaintiff's failure to file an amended complaint will result in dismissal of this action.

                                         /s/ A. Richard Caputo
                                         A. Richard Caputo
                                         United States District Judge