# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC BANK, N.A., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2020 |
| v. | (JUDGE CAPUTO) |
| TWIN TIER DEVELOPMENT GROUP, INC, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the plaintiff's amended complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the amended complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the plaintiff timely amends.

## Background

Plaintiff PNC Bank, N.A. filed a complaint bringing claims against defendants Twin Tier Development Group, LLC, Durrant Supply, Inc., and Eric S. Troger. (Doc. No. 1.) The complaint inadequately alleged diversity jurisdiction, and this Court ordered the plaintiff to file an amended complaint properly alleging jurisdiction or face dismissal. (Doc. No. 3.) The plaintiff filed an amended complaint. (Doc. No. 4.)

The amended complaint describes the plaintiff as "a banking institution formed under the laws of Pennsylvania with its principal place of business in Pennsylvania." (Doc. No. 4 at 1.)

**Analysis**

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

Corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Here, the amended complaint fails to properly plead the existence of subject matter jurisdiction. The diversity jurisdiction statute requires, as a threshold, that all parties be a citizen of a state (unless the party is a foreign state or subject of a foreign state). *See* 28 U.S.C. § 1332(c)(1). Here, the plaintiff has alleged that PNC Bank, N.A. (the bank) is a banking institution formed under the laws of Pennsylvania with its principal place of business in Pennsylvania. The plaintiff seems to be suggesting that the bank is a citizen of Pennsylvania, but fails to allege that the bank is a corporation. Moreover, being

"formed" under the laws of Pennsylvania is not the same as being "incorporated" under the laws of Pennsylvania. *See Chapman v. Barney*, 129 U.S. 677, 682 (1889) (("The allegation . . . is that [the company] is a joint stock company organized under a law of the State of New York . . . [b]ut the express company cannot be a *citizen* of New York, within the meaning of the statutes regulating jurisdiction, unless it be a corporation. The allegation that the company was *organized* under the laws of New York is not an allegation that it is a corporation.") (emphasis in original)). The plaintiff alleges it is a banking institution, and should be aware that it may thus be subject to the rule in 28 U.S.C. § 1348, which provides that "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located."

## Conclusion

As it currently stands, the amended complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file a second amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of its complaint. An appropriate order follows.

October 25, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC BANK, N.A., | |
|     Plaintiff | NO. 3:10-CV-2020 |
|     v. | (JUDGE CAPUTO) |
| TWIN TIER DEVELOPMENT GROUP, INC, et al., | |
|     Defendants. | |

## **ORDER**

**NOW**, this 25th day of October, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, Plaintiff may file a second amended complaint.

2) Plaintiff's failure to file a second amended complaint will result in dismissal of this action.

 

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge